UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:
REMI LEONARD SLABBINCK           CASE NO:    12-48448
SUSAN LOUCILLE SLABBINCK         CHAPTER:    7
                                 JUDGE:      SHEFFERLY
_____Debtors_____/

## B.O.C. LAW GROUP, P.C.'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER REQUIRING DEBTORS' ATTORNEYS TO RETURN PAYMENT TO DEBTORS PURSUANT TO 11 U.S.C. §329

**NOW COMES** B.O.C. Law Group, P.C., counsel for Debtors, and for this Response to the United States Trustee's Motion, states the following:

**Jurisdiction**

1. As for Paragraph 1, B.O.C. Law Group, P.C. (hereafter "BOC") admits that this Motion appears to be filed pursuant to 11 U.S.C. §329. BOC denies that the United States Trustee is entitled to the relief requested in this Motion, as for fully set forth in this response, as well as BOC's brief filed in support of this response.

2. As for Paragraph 2, BOC admits the allegations set forth therein.

**Facts**

3. As for Paragraph 3, BOC admits the allegations set forth therein.

4. As for Paragraph 4, BOC denies the allegations set forth therein and leaves the United States Trustee to his separate proofs. In further response, Debtors' retainers, both pre-and post-petition, identify B.O.C. Law Group, P.C. as the attorneys in this matter. William R. Orlow is the equity partner of B.O.C. Law Group, P.C.

5. As for Paragraph 5, BOC admits the allegations set forth therein.

6. As for Paragraph 6, BOC admits the allegations set forth therein and asserts the Form 2016(b) filed in this matter speaks for itself. In further response, BOC asserts that the Debtors contracted with BOC to perform certain pre-petition services, which specifically included, "*consultation and advice, contact and communication with creditors, preparation of the Bankruptcy Petition, Petition Cover Sheet, Statement Of Social Security Number, Creditor Matrix and filing of the same with the Bankruptcy Court.*"[1] The fee for pre-petition services rendered on behalf of the Debtors was $1000.00, which Debtors paid in full on March 16, 2012, prior to the commencement of this case, thereby satisfying Debtor's pre-petition contract with BOC. Debtors' pre-petition fee agreement with BOC likewise specifically excluded any services that may need to be performed post-petition: "*client expressly understands that attorney will not represent client after filing the bankruptcy petition unless a separate post-petition fee agreement is signed. Client will be provided with a copy of the same and client acknowledges his/her/their*

---
[1] See Exhibit 1--Debtors' Pre-Petition Fee Agreement with BOC.

***intentions to employ attorney for post-petition completion of the chapter 7 bankruptcy for a fee of $2000.00."*** [2] Debtors voluntarily signed a separate contact with BOC on April 4, 2012, which provided for certain post petition services to be performed. The fee for such post-petition services was $2000.00, which Debtors are currently paying BOC. The Debtors' 2016(b) fully and accurately discloses both the pre-petition and post-petition fees.

7. As for Paragraph 7, BOC admits the allegations set forth therein. In further response, as explained *infra*, there were separate and distinct services to be performed pre-petition, and separate and distinct services to be performed post-petition. Debtors and BOC have separate fee contracts for pre-petition services and post-petition services.

8. As for Paragraph 8, BOC denies that it attempted to " 'unbundle' the attorney fee services." Legal services by definition are professional services requiring learned skills. The United States Trustee characterizes the "bundling of services" as if it is a "fast-food value meal." This is both improper and incorrect. Debtors' contracts with BOC clearly indicated that separate specific tasks were contemplated, and contracted for, both pre-petition and post-petition. Debtors were fully cognizant and advised of the services covered under each fee contract. Therefore, the United States Trustee's attempt to present BOC's procedure, as a "bundled package" of pre and post-petition services is improper should be rejected by this Court. Debtors' counsel complies with the substantive requirements of 11 USC §§526, 527 and 528.

9. As for Paragraph 9, BOC denies the allegations set forth therein as untrue and leaves the United States Trustee to his separate proofs.

10. As for Paragraph 10, BOC denies the allegations set forth therein as untrue and leaves the United States Trustee to his separate proofs. On the contrary, as explained, *infra*, the pre-petition fee agreement with the Debtors clearly indicates that BOC would not, and could not, represent the Debtors as their attorneys for any post-petition work unless separately engaged to do so and a separate contract was signed. Therefore, BOC fulfilled its ethical duties to the Debtors, contrary to United States Trustee's attempts to imply otherwise. In further response, BOC states that the contracts for legal services are between BOC and the debtors and not between William R. Orlow, individually as the United States Trustee alleges.

11. As for Paragraph 11, BOC denies the allegations set forth therein as untrue and leaves the United States Trustee to its separate proofs. In further response, BOC submits that the United States Trustee's allegations are incorrect. The language of both fee agreements, as outlined, *infra*, outline specific services to be rendered to the Debtors and are mutually exclusive. Furthermore, Debtors executed both agreements knowingly and voluntarily and without any coercion or undue influence by either William R. Orlow or any other attorney BOC employs. Debtors were well aware that the pre-petition fee agreement included enumerated and specific services; Debtors indicated their consent of this agreement by paying this pre-petition fee in full. Moreover, Debtors were aware if they wished to retain BOC for post-petition legal services, a new contract was required. Debtors were at all times relevant thereto made fully aware that they were at liberty to seek different counsel if they did not wish to retain BOC for post-petition services not contemplated by the pre-petition retainer agreement. See Exhibit-Verification of Debtors attached hereto and incorporated by reference herein.

---

[2] See Exhibit #2—Debtors' Post-Petition Fee Agreement with BOC.

12. As for Paragraph 12, BOC denies the allegation set forth therein and leaves United States Trustee to his separate proofs. In further response, the United States Trustee's allegations ignore the plain language of the separate contracts. The pre-petition fee contract clearly sets forth the obligations and responsibilities of each party and clearly states that a separate contract would be required for any post-petition work, which the Debtors may desire BOC to perform. In no way does the pre-petition contract compel the Debtors to sign any subsequent contracts with BOC. In the instant case, Debtors voluntarily opted to engage BOC and retain the firm for post-petition services.

13. As for Paragraph 13, BOC denies the allegation set forth therein as untrue and leaves United States Trustee to his separate proofs.

14. As for Paragraph 14, BOC denies the allegation set forth therein as untrue and leaves the United States Trustee to his separate proofs. In further response, BOC states that the United States Trustee's allegations that the contract for post-petition services is a dischargeable debt are simply wrong. In the cases cited by the United States Trustee, no separate contracts for post-petition services existed. In the instant case, Debtors freely and voluntarily entered into a post-petition contract. The Bankruptcy Code, does not prohibit such a contract, nor does it require that all post-petition services must be paid for pre-petition. The Bankruptcy Code simply requires fully disclose all fees charged and that those charges be fair and reasonable in light of the work performed.

15. As for Paragraph 15, BOC denies the allegation set forth therein as untrue and leaves the United States Trustee to his separate proofs. In further response, the United States Trustee's allegations ignore the plain language of the agreements. The pre-petition fee agreement merely set forth the boundaries of the pre-petition agreements as between BOC and the Debtors. It did not compel the Debtors to sign any subsequent contracts with BOC; however, Debtors voluntarily opted to continue their relationship with BOC and retain the firm for post-petition services. An order for relief and an eventual discharge does not allow a Debtor to avoid payment for goods and/or services freely contracted for after said order for relief.

16. As for Paragraph 16, BOC admits the allegations set forth therein.

17. As for Paragraph 17, BOC admits that it was paid $1,000.00 pre-petition, for work performed pre-petition, pursuant to its pre-petition fee agreement.

18. As for Paragraph 18, BOC neither admits nor denies the allegations set forth therein and leaves the United States Trustee to his separate proofs. In further response, BOC fails to see the relevance in the Unites States Trustee's statistical summary of cases BOC recently filed on behalf of Chapter 7 Debtors. In further response, BOC again asserts that it is the Debtors attorney and that William R. Orlow, individually is not.

**Return of Funds Under 11 U.S.C. §329 and F.R.B.P. 2016(b)**

19. No response necessary, the Statute speaks for itself.

20. No response necessary, the Rule speaks for itself.

### Dischargeability of Debt

21. As for Paragraph 21, BOC admits that pre-petition fees are dischargeable. However, this legal principal is not applicable in this case. Debtors satisfied any pre-petition liability to BOC in full prior to the filing of this bankruptcy petition. Debtors subsequently, *post-petition*, contracted with BOC for post-petition legal services, said services were expressly not comptemplated in its pre-petition fee agreement. Post-petition contracts are not subject to the discharge injunction.

22. As for Paragraph 22, BOC admits that pre-petition fees are dischargeable. However, this legal principal is not applicable in this case. Debtors satisfied any pre-petition liability to BOC in full prior to the filing of this bankruptcy petition. Post-petition, Debtors subsequently contracted with BOC for further legal services. Post-petition services, legal or otherwise, freely contracted and agreed to between the parties post petition, are not subject to the discharge injunction. Debtors are freely entitled to contract for post-petition services with whomever they choose and may pay for those services in any manner agreed to between the parties.

23. As for Paragraph 23, BOC denies the allegations set forth therein as untrue and leaves the United States Trustee to his separate proofs. In further response, the United States Trustee's assertions are unfounded. At no time did the United States Trustee speak to the Debtors or question any attorney or employee of BOC regarding this issue. It is therefore improper that the United States Trustee would attempt to make factual allegations for which he clearly has no personal knowledge.

24. As for Paragraph 24, BOC denies the allegations set forth therein as untrue. Debtors were fully advised of their legal options, and agreed, freely and *voluntarily* to the pre and post-petition contracts with BOC. Therefore, no conflict existed and the United States Trustee's arguments should be rejected. (See Exhibit 3--Debtor's Verification).

25. As for Paragraph 25, BOC denies the allegations set forth therein as untrue and leaves the United States Trustee to his separate proofs. In further response, for the reasons more fully set forth *infra* as well as BOC's brief in support of this response, which shall be filed forthwith, BOC not only charged reasonable, and proper fees from the Debtors, but likewise provided the Debtors with competent legal services in this entire matter for both its pre-petition services and its post-petition services. In further response, BOC states that all fees charged in this matter were fair, reasonable in light of the work performed in this specific case and were fully earned.

**WHEREFORE** BOC Law Group, P.C. prays this Honorable Court deny the United States Trustee's Motion and for what further relief this Court deems equitable and just.

        Respectfully submitted,

        /s/ William R. Orlow
        B.O.C. Law Group, P.C.
        By:    William R. Orlow P41634
                 C. Jason Cardasis P54930
                 Corey M. Carpenter P67818
        Attorney for Debtors
        Respondent to UST's Motion
        24100 Woodward Avenue, Suite B
        Pleasant Ridge, Michigan 48069
        248-584-2100
        bocecf@boclaw.com

Dated: June 28, 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:
REMI LEONARD SLABBINCK           CASE NO:    12-48448
SUSAN LOUCILLE SLABBINCK         CHAPTER:    7
                                                  JUDGE:      SHEFFERLY
                **Debtors**       /

## CERTIFICATE OF SERVICE

**William R. Orlow** states that on **June 28, 2012**, a copy of **B.O.C. Law Group, P.C.'s Response to United States Trustee's Motion for An Order Requiring Debtors' Attorneys to Return Payment to Debtors Pursuant to 11 U.S.C. §329, Exhibits and Certificate of Service**, was served via the Court's ECF System upon:

United States Trustee
Attn. Sean Cowley
211 W. Fort Street, Ste. 700
Detroit, MI 48226

                                           /s/ William R. Orlow
                                           B.O.C. Law Group, P.C.
                                           By:      William R. Orlow P41634
                                                     C. Jason Cardasis P54930
                                                    Corey M. Carpenter P67818
                                           Attorney for Debtors
                                           Respondent to UST's Motion
                                           24100 Woodward Avenue, Suite B
                                           Pleasant Ridge, Michigan 48069
                                           248-584-2100
                                           bocecf@boclaw.com

# CHAPTER 7 FEE AGREEMENT

THE UNDERSIGNED CLIENT(S) EMPLOYS AND RETAINS B.O.C. LAW GROUP, P.C., HEREINAFTER, ATTORNEY, TO REPRESENT CLIENT(S) IN FILING A VOLUNTARY CHAPTER 7 BANKRUPTCY PETITION.

INITIAL BELOW

*[initialed]* THE PRE-PETITION SERVICES ATTORNEY WILL PROVIDE ARE CONSULTATION AND ADVICE, CONTACT AND COMMUNICATION WITH CREDITORS, PREPARATION OF THE BANKRUPTCY PETITION, PETITION COVER SHEET, STATEMENT OF SOCIAL SECURITY NUMBER, CREDITOR MATRIX AND FILING OF THE SAME WITH THE BANKRUPTCY COURT. CLIENT EXPRESSLY UNDERSTANDS THAT HE/SHE/THEY ARE SOLEY RESPONSIBLE FOR COMPLETING PRE-FILING CREDIT COUNSELING AND MUST PRESENT ATTORNEY WITH A CERTIFICATE FROM AN AUTHORIZED CREDIT COUNSELOR, WHICH MUST BE FILED WITH THE COURT AT THE TIME OF FILING OF HIS/HER/THEIR PETITION. CLIENT IS RESPONSIBLE FOR ALL COSTS ASSOCIATED WITH SAID COUNSELING.

THE EARNED FEE FOR THE SERVICE IS ............... $ 1000.00 ;
(DOES NOT INCLUDE FILING FEE)

*[initialed]* CLIENT IS RESPONSIBLE FOR A SEPARATE FILING FEE OF $306.00, MONEY ORDER ONLY, PAYABLE TO WILLIAM R. ORLOW, CLIENT TRUST ACCOUNT.

*[initialed]* CLIENT EXPRESSLY UNDERSTANDS THAT ATTORNEY WILL NOT REPRESENT CLIENT AFTER FILING THE BANKRUPTCY PETITION UNLESS A SEPARATE POST-PETITION FEE AGREEMENT IS SIGNED. CLIENT WILL BE PROVIDED WITH A COPY OF THE SAME AND CLIENT ACKNOWLEDGES HIS/HER/THEIR INTENTIONS TO EMPLOY ATTORNEY FOR POST-PETITION COMPLETION OF THE CHAPTER 7 BANKRUPTCY FOR A FEE OF $ 2000.00

*[initialed]* CLIENT EXPRESSLY UNDERSTANDS THAT IN ORDER TO TIMELY COMPLETE ALL POST PETITION LEGAL WORK, CLIENT MUST PROVIDE ATTORNEY WITH ALL INFORMATION REQUESTED WITHIN 14 DAYS AND MUST RETURN TO ATTORNEYS OFFICE WITHIN THE SAME 10 DAYS TO ASSIST THE ATTORNEY WITH THE COMPLETION O SAID LEGAL WORK, AND THAT FAILURE TO RETURN TO ATTORNEYS OFFICE AND/OR PROVIDE THE REQUIRED INFORMATION WILL RESULT IN ADDITIONAL FEES IN THE AMOUNT OF $250.00.

*[initialed]* CLIENT EXPRESSLY UNDERSTANDS THAT HE/SHE/THEY ARE SOLEY RESPONSIBLE FOR COMPLETING THE PRE-DISCHARGE FINANCIAL EDUCATION AND MUST FILE THE CERTIFICATE OF COMPLETION WITH THE COURT T( RECEIVE HIS/HER/THEIR DISCHARGE ON OR BEFORE THE DEADLINE ESTABLISHED BY THE COURT. CLIENT IS RESPONSIBLE FOR ALL COSTS ASSOCIATED WITH SAID EDUCATION AND/OR ALL COSTS ASSOCIATED WITH RE-OPENING DEBTORS CASE TO FILE FINANCIAL EDUCATION CERTIFICATE SHOULD CLIENT FAIL TO RETURN TO ATTORNEYS OFFICE WITH SAID CERTIFICATE PRIOR TO THE DEADLINE SET BY THE COURT (60 DAYS AFTER DEBTORS 341 HEARING).

*[initialed]* I UNDERSTAND THAT NO EARNED PORTION OF THE ATTORNEY'S FEE IS REFUNDABLE.

*[initialed]* I/WE UNDERSTAND AND ACKNOWLEDGE THAT I FIRST CONSULTED WITH AN ATTORNEY ON 3-1-2012. AT THAT TIME, B.O.C. LAW GROUP, P.C., BY, C. JASON CARDASIS, ESQ., FULLY ADVISED ME OF MY BANKRUPTCY OPTIONS AND FULLY DISCLOSED THE FEES REQUIRED TO FILE THIS CASE. I/WE RECEIVED A COPY OF THE RETAINER AGREEMENT, WERE EXPLAINED THE SERVICES TO BE PROVIDED, AND THE TERMS OF REPAYMENT IN COMPLIANCE WITH 11 U.S.C. § 526 et. seq. and 11 U.S.C 528 et. seq.

ADDITIONAL TERMS:

WE (I) HAVE READ THIS CONTRACT AND RECEIVED A COPY OF IT. WE (I) AGREE TO ITS TERMS AND CONDITIONS, THERE ARE NO ADDITIONAL AGREEMENTS, ORAL OR OTHERWISE, BETWEEN ME/US AND ATTORNEY.

Dated: 3-1-2012        X *[signature]*
                       DEBTOR – REMI LEONARD SLABBINCK

Dated: 3-1-2012        X *[signature]*
                       DEBTOR – SUSAN LOUCILLE SLABBINCK

EXHIBIT 1

# ST – PETITION CHAPTER 7 FEE AGREEMENT

The undersigned client(s) employs and retains B.O.C. LAW GROUP, P.C., hereinafter, Attorney, to represent client(s) in completing a Chapter 7 Bankruptcy, Case number: 12-48448-PJS

The services Attorney will provide are preparation and filing of the Bankruptcy Schedules, Statement of Financial Affairs, Debtor's Statement of Intentions. Additionally, Debtors will receive an in-person conference regarding the preparation of the aforementioned documents, consultation and advice regarding any and all Reaffirmation Agreements, which may apply, an in-person conference regarding the Section 341 Meeting of Creditors, attendance at the Section 341 Meeting of Creditors, an in-person Post 341 Conference and an in-person Discharge review.

THE FEE FOR THE SERVICES SHALL BE: $2,000.00

THE FEE SHALL BE PAID AS FOLLOWS:

CLIENT SHALL PAY $166.67 PER MONTH BEGINNING 4/13/2012

The client agrees to pay the following additional charges if applicable:

1. **FAILURE TO ATTEND 341 HEARING (VOLUNTARY OR NON-VOLUNTARY) AND ATTORNEYS SUBSEQUENT APPEARANCE AT ADJOURNED 341 HEARING REQUIRED BY DEBTORS NON-APPEARANCE OR FAILURE TO PROVIDE PROPER DOCUMENTS AT ORIGINAL HEARING, OR FOR ANY OTHER REASON CAUSED BY THE DEBTOR:** .................................................................................................................$150.00;

2. Amendment to the Petition, Including Addition of Creditor(s):
    ALL AMENDMENTS REQUIRE A $30.00 FILING FEE

    A. Amendment to the Petition after Commencement of Case but No Sooner than 10 Days Prior to the 341 Hearing ................$125.00
    B. Amendment to the Petition Within 10 Days of the 341 Hearing or Any Time after 341 Hearing but Prior to Discharge ................$250.00
    C. Motion to Reopen for any reason ................$1000.00
       Plus a Filing Fee of ................$260.00
    D. Motion to Extend Time to File Schedules ................$250.00

3. Attorney Appearance at 2004 Examination: ................$150.00 per hour
4. Non-sufficient Funds Fee: ................$29.00
5. Garnishment: Should Debtor Request Attorney to Attempt to Recover Any Garnished Funds Attorney Shall Be Entitled to 50% of All Such Recovered Funds.

## ADVERSARY PROCEEDING

Occasionally, a Creditor will file an Adversary Proceeding against Debtor(s). An Adversary Proceeding is generally filed to determine the nondischargeability of a debt due to fraud, false credit application or some other circumstance, which would render a debt nondischargeable. Attorney will not represent client in such a matter, unless specifically retained to do so. The retainer fee for representation generally is $2,500.00 and Attorney will bill at his prevailing hourly rate. It is understood that the client will sign a separate retainer agreement to retain Attorney if an Adversary is filed and client desires representation by Attorney.

## MISCELLANEOUS MOTION (S) AND ADDITIONAL SERVICES NOT COMTEMPLATED BY THIS AGREEMENT:

Any such services rendered subsequent to the 341 Hearing will be billed at the Attorney's then prevailing hourly rate. Should Client fail to pay as agreed, Attorney shall be entitled to any and all actual collection costs or Attorneys fees, which may be incurred to collect the same. A Motion for Redemption, including any necessary court appearance shall be a minimum of $500.00.
    I understand that no earned portion of the attorney's fee is refundable.
ADDITIONAL TERMS:

We (I) have read this contract and received a copy of it. We (I) agree to its terms and conditions, there are no additional agreements, oral or otherwise, between me/us and Attorney.

April 4, 2012
Date
Debtor – REMI LEONARD SLABBINCK

April 4, 2012
Date
Debtor – SUSAN LOUCILLE SLABBINCK

EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN RE:
REMI LEONARD SLABBINCK     CASE NO:   12-48448
SUSAN LOUCILLE SLABBINCK     CHAPTER:   7
                                    JUDGE:   SHEFFERLY
_____Debtors_____/

**VERIFICATION OF DEBTORS REMI LEONARD SLABBINCK AND SUSAN LOUCILE SLABBINCK IN SUPPORT OF BOC LAW GROUP, P.C.'S RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER REQUIRING DEBTORS' ATTORNEYS TO RETURN PAYMENT TO DEBTORS PURSUANT TO 11 U.S.C. §329**

**STATE OF MICHIGAN**     )
                              )ss
**COUNTY OF OAKLAND**    )

**REMI LEONARD SLABBINCK AND SUSAN LOUICILLE SLABBINCK,** state unto this Court the following:

1. We are the Debtors in the above captioned bankruptcy case. We have personal knowledge and information of the facts of the instant case. If sworn as witnesses, we can affirmatively and competently testify to the facts stated herein.

2. That Debtors acknowledge that two separate fees agreements were signed with B.O.C. Law Group, P.C.

3. The first fee agreement was signed March 1, 2012, which included a fee of $1000.00, which required B.O.C. Law Group, P.C. to perform certain services in preparation of the filing of a Chapter 7 Bankruptcy Petition on Debtors' behalf.

4. That Debtors understood through counsel with B.O.C. Law Group, P.C. that any unpaid portion of the pre-petition retainer not paid upon filing of Debtors' petition could be discharged. With this understanding, Debtors agreed to pay the pre-petition balance of $1000.00 in full prior to the filing of this Bankruptcy Petition.

5. That Debtors paid B.O.C. Law Group, P.C. $1000.00 on March 16, 2012, thereby satisfying Debtors' obligation under the pre-petition retainer agreement with B.O.C. Law Group, P.C.

6. That Debtors acknowledge and agree that B.O.C. Law Group, P.C. performed all services enumerated in the pre-petition retainer agreement on behalf of the Debtors in a prompt and professional manner.

7. That Debtors further understood through counsel with B.O.C. Law Group, P.C. that Debtors were required to retain legal counsel subsequent to the filing of this Bankruptcy Petition to receive legal services for any necessary work required post-petition.

8. That although they were in no way obligated to do so, Debtors knowingly and voluntarily decided to retain B.O.C. Law Group, P.C. to perform all necessary post-petition services on behalf of the Debtors.

9. That pursuant thereto, Debtors acknowledge on that on April 4, 2012, Debtors knowingly and voluntarily executed a post-petition retainer agreement with B.O.C. Law Group, P.C.

10. That the post-petition retainer with B.O.C. Law Group, P.C. required Debtors to pay B.O.C. Law Group, P.C. the sum of $2000.00 for enumerated legal services subsequent to April 4, 2012.

11. That Debtors assert that B.O.C. Law Group, P.C. has performed all services enumerated in the post-petition fee agreement on behalf of the Debtors in a prompt and professional manner.

12. That Debtors acknowledge that there remains a balance due and owing on the post-petition retainer in the amount of $1333.32 as of June 27, 2012.

13. That Debtors wish to continue paying B.O.C. Law Group, P.C. for services rendered under the April 4, 2012 fee agreement.

14. That Debtors assert that they believe B.O.C. Law Group, P.C. has represented them competently and professionally, and that B.O.C. Law Group, P.C. adequately advised Debtors as to their legal options as it relates to this Bankruptcy Petition, including all aspects of payment of attorney fees.

**Further, the deponents sayeth not,** *under penalty of perjury*.

/s/ Remi Leonard Slabbinck
**REMI LEONARD SLABBINCK**

/s/ Susan Loucille Slabbinck
**SUSAN LOUCILLE SLABBINCK**

Dated: June 28, 2012