UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Chapter 7

Remi Leonard Slabbinck and                              Case No. 12-48448
Susan Loucille Slabbinck,
                                                        Hon. Phillip J. Shefferly
        Debtors.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

On June 7, 2012, the United States Trustee ("UST") filed a motion requesting an order under § 329 of the Bankruptcy Code requiring the Debtors' attorney, the B.O.C. Law Group, P.C. ("BOC") to return the attorney fee paid to it by the Debtors ("Disgorgement Motion") (docket entry no. 21). After the Disgorgement Motion was fully briefed, the Court held oral argument on August 9, 2012. On November 1, 2012, the Court issued an opinion ("Opinion") (docket entry no. 34) regarding the Disgorgement Motion. On November 26, 2012, the Court entered an order ("Order") (docket entry no. 37) denying the Disgorgement Motion. On December 10, 2012, the UST filed a motion for reconsideration (docket entry no. 41).

The UST's motion is brought pursuant to Local Bankruptcy Rule 9024-1(a). Local Bankruptcy Rule 9024-1(a)(3) states that generally, "a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by implication, will not be granted." The rule requires that the movant "demonstrate a palpable defect by which the court and the parties have been misled . . . [and] . . . that a different disposition of the case must result from a correction" of the palpable defect. The UST's motion alleges that there was a palpable defect in the Opinion and Order for two reasons. First, the UST argues that the Court failed to hold that

BOC's contract with the Debtors violates § 526(a)(4) of the Bankruptcy Code. Second, the UST argues that the Opinion and Order "will have serious unintended negative consequences on the bankruptcy system." For the following reasons, neither of these arguments demonstrate a palpable defect by which the Court and the parties have been misled, the correction of which requires a different disposition of the Disgorgement Motion.

The UST's first argument overlooks the obvious fact that the Disgorgement Motion sought relief solely under § 329 of the Bankruptcy Code. The Disgorgement Motion did not ask for relief under § 526(a)(4). The UST did not cite that section of the Bankruptcy Code in the brief it filed in support of the Disgorgement Motion, nor did the UST even mention that section of the Bankruptcy Code in any of its written papers or in its oral argument at the hearing. Not once. To the extent that the UST now belatedly raises § 526, there is simply nothing for the Court to *re*consider. The UST has never requested the Court to consider this issue in the first place.[1] Also, it is patently unfair to BOC for the UST to now present an entirely new legal theory for the very first time that the UST could have chosen to, but did not, raise in its original motion.

The second argument made by the UST in the motion for reconsideration centers on policy considerations. To a large extent, these policy considerations were already raised by the UST in the Disgorgement Motion and at the hearing, although not articulated in the same way. Essentially, all that the UST's motion for reconsideration now does with respect to these policy considerations is cite the Court to many cases that the UST did not previously cite. The UST's decision to beef up

---

[1] In footnote 1 of the Opinion, the Court observed that neither the UST nor BOC relied upon or cited § 526 of the Bankruptcy Code, nor sought any relief under it. The footnote further explained that because the parties did not rely upon § 526 in any way to support their positions on the Disgorgement Motion, the Court would express no view about the application of that section.

its policy arguments by now citing to new cases that it did not previously bring to the Court's attention does not provide grounds for reconsideration.

The Disgorgement Motion sought relief solely under § 329 of the Bankruptcy Code. The Court held in the Opinion and Order that the UST was not entitled to relief under that section of the Bankruptcy Code. It is telling that the UST's motion for reconsideration does not even mention § 329, let alone argue that the Court misapplied § 329. Under L.B.R. 9024-1(a)(3), a party moving for reconsideration must demonstrate a palpable defect by which the Court and the parties have been misled. The UST's motion for reconsideration does not meet this standard. Accordingly,

**IT IS HEREBY ORDERED** that the UST's motion for reconsideration (docket entry no. 41) is denied.

.

**Signed on December 13, 2012**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**